**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JANINA STEFANIA MONTERO GRANDA,

Petitioner,

v. No. 2:26-cv-00294-MLG-JFR

KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security, et al.,

Respondents.

**ORDER FOR SERVICE AND TO SHOW CAUSE**

Petitioner Janina Stefania Montero Granda, an Ecuadorian citizen, is detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 4 at 5-6 ¶¶ 12, 19. On February 6, 2026, Montero Granda simultaneously filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Petition"), Doc. 4, and an Emergency Motion for Temporary Restraining Order Under FRCP 65(b) and Preliminary Injunction Under FRCP 65(a) ("TRO Petition"), Doc. 5. The Habeas Petition seeks a writ of habeas corpus directing federal immigration authorities to immediately release Montero Granda from custody, or, in the alternative, to grant her a bond hearing under 8 U.S.C. § 1226(a) within fourteen days. Doc. 4 at 26-27. She also requests other forms of injunctive relief conditioned upon her release. *Id.* The TRO Petition calls for a declaration from the Court that Montero Granda's continued detention violates the Fifth Amendment to the United States Constitution, as well as the Administrative Procedure Act; the issuance of a temporary restraining order releasing her from custody during the pendency of her Habeas Petition; and an order enjoining her from being transferred out of the United States. Doc. 5-2 at 19-20. In Montero Granda's Memorandum of Law in Support of Motion for Temporary Restraining Order

and Preliminary Injunction ("Memorandum in Support of TRO"), Doc. 5-2, she also notes that she is seeking a temporary restraining order granting an individualized bond hearing before an immigration judge ("IJ") pursuant to § 1226(a) if she is not immediately released from custody. *Id.* at 24.

Federal Rule of Civil Procedure 65(b)(1) provides that the Court "may issue a temporary restraining order without written or oral notice to the adverse party" if two conditions are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Although Montero Granda's attorney certified that "courtesy copies [were] emailed to counsel[1] on February 05, 2026," it is not clear from the current filings that service of either the TRO Petition or the Memorandum in Support of TRO was effectuated.[2] Montero Granda's attorney has not certified in writing why notice should not be required in this case, and therefore, Rule 65(b)(1)(B) has not been satisfied. Accordingly, the Court may not issue a temporary restraining order without notice and will instead set an expedited briefing schedule.

The Court orders the Clerk's Office to e-mail courtesy copies of the TRO Petition, Doc. 5, and this Order to the United States Attorney's Office for the District of New Mexico ("USAO")

---

[1] The recipient's name and email address, however, are not provided in this certification.

[2] The Clerk's Office electronically served Montero Granda's Habeas Petition, Doc. 4, on Respondents in accordance with the Standing Order filed January 28, 2026. *See* Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004-03 (D.N.M. Jan. 28, 2026); Doc. 6 (indicating electronic service "of the petition" was completed). But it is not apparent from the Court's record that the Clerk's Office served the TRO Petition, Doc. 5, on Respondents.

via the Civil Immigration mailbox. Within five days[3] of receiving the TRO Petition, the USAO must respond and show cause why the relief requested in the TRO Petition and Habeas Petition should not be granted.

Under similar circumstances, this Court has granted requests for individualized bond hearings pursuant to 8 U.S.C. § 1226(a). *See Cortez-Gonzalez v. Noem,* No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *3-4, *6 (D.N.M. Dec. 4, 2025); *Diaz-Cruz v. Dedos,* No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzalez Ramos v. Dedos,* No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). In doing so, the Court joins the "overwhelming, lopsided majority" of courts that have concluded that § 1226(a)—not § 1225(b)(2)—governs the detention of noncitizens like Montero Granda, who entered the United States in September 2021 and, after being temporarily detained, was released into the United States on her own recognizance. Doc. 4 at 3; *see also Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (observing that the "overwhelming, lopsided majority" of courts have rejected the interpretation that § 1225 requires mandatory detention of all undocumented noncitizens living in the United States "until their removal proceedings are completed"). Any response filed by the USAO must therefore demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings.

[3] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

If Montero Granda wishes to file a reply, she may do so within five days after the USAO's response is filed. The Court will determine whether a hearing is necessary once briefing is complete.[4]

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

[4] The Court generally does not permit remote appearances, so all interested counsel must appear for hearings in person.