IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANINA STEFANIA MONTERO GRANDA,

    Petitioner,

v.                                                                              No. 2:26-cv-00294-MLG-JFR

KRISTI NOEM, in her official capacity as
Secretary of the U.S. Department of Homeland
Security, et al.,

    Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Janina Stefania Montero Granda's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 or Order to show Cause within 3 Days ("Petition") filed February 6, 2026. Doc. 4. Montero Granda, an Ecuadorian citizen, is detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 4 at 5, 6 ¶¶ 12, 19. She entered the United States on or about September 6, 2021, and was subsequently "encountered" by U.S. Customs and Border Protection ("CBP"). *Id.* at 3 ¶ 2. Montero Granda was released on her own recognizance[1] pursuant to 8 U.S.C. § 1226(a)(B)(2).[2] *Id.* On August 30, 2022, Montero Granda

---

[1] Section 1226 permits the release of a noncitizen from custody pending a removability determination "on 'conditional parole,'" which is synonymous with "release on recognizance." *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (noting the Government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)").

[2] Before making a custody determination, an immigration officer must assess whether releasing the noncitizen would "pose a danger to property or persons" and whether they are "likely to appear for any future [immigration] proceeding." 8 C.F.R. § 236.1(c)(8). Obviously, if a person is released on conditional parole, the immigration officer has found neither consideration appliable.

was served with a Notice to Appear by Immigration and Customs Enforcement ("ICE") which asserted she was subject to removal due to lacking "a valid unexpired immigrant visa, reentry permit, border crossing card or other valid entry document" pursuant to the Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i) (codified as 8 U.S.C. § 1182(a)(7)(A)(i)). Doc. 4 at 3 ¶ 3; Doc. 4-3 (Notice to Appear) at 2, 5. Following the Notice of Appearance, Montero Granda filed an application for asylum. Doc. 4 at 3 ¶ 4. She resided in Minneapolis, Minnesota. *Id.* at 3 ¶ 5.

On January 10, 2025, Montero Granda was taken into custody by the Department of Homeland Security ("DHS"). *Id*. Following her re-arrest, she was taken into U.S. Immigration and Customs Enforcement ("ICE") custody and detained at Otero County Processing Center ("Otero") in New Mexico. *Id.* at 3, 5, 17 ¶¶ 5, 12, 56. No new Notice to Appear, I-200, or I-213 have been served. *Id.* at 17 ¶ 55. Montero Granda remains detained in Otero absent an immigration court finding that her circumstances have changed so materially that she now poses either a flight risk or a danger to the community. There is no evidence before the Court that Montero Granda failed to comply with the terms of her previous release or that she has been arrested or otherwise convicted of any crimes requiring her detention. *See id.* at 17 ¶ 57. On January 20, 2026, an immigration judge ("IJ") denied Montero Granda's request for a bond hearing and to be released on bond on the grounds that the immigration court lacked jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[3] *Id.* at 4 ¶¶ 6, 8.

Montero Granda filed her Petition challenging the legality of her re-detention by Respondents. She claims her detention is governed by 8 U.S.C. § 1226(a), not § 1225, and therefore

---

[3] A recent the Bureau of Immigration Affairs ("BIA") precedential decision holding that section 235(b)(2)(A) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225(b)(2)(A), precludes IJs from granting bond requests to people who are present in the United States unlawfully. *Id.*

her re-detention violates the INA and the Fifth Amendment Due Process Clause. *Id.* at 4, 18-21, 24-26 ¶¶ 9-10, 62-78, 88-93. She also claims Respondents' custody determination violates the Administrative Procedure Act (APA). *Id.* at 22-24 ¶¶ 79-87. Montero Granda requests the Court order her immediate release from custody or, in the alternative, order Respondents to provide her an individualized bond hearing pursuant to § 1226(a). *Id.* at 26-27. She also requests other forms of injunctive relief conditioned upon her release. *See id.*

Montero Granda also filed an Emergency Motion for Temporary Restraining Order Under FRCP 65(b) and Preliminary Injunction Under FRCP 65(a) ("TRO Petition"), Doc. 5. The TRO Petition calls for a declaration from the Court that Montero Granda's continued detention violates the Fifth Amendment, as well as the Administrative Procedure Act; the issuance of a temporary restraining order releasing her from custody during the pendency of her Habeas Petition; and an order enjoining her from being transferred out of the United States. Doc. 5-2 at 19-20. Montero Granda requests a temporary restraining order granting an individualized bond hearing before an immigration judge ("IJ") pursuant to § 1226(a) if she is not immediately released from custody. *Id.* at 20.

Respondents filed a Response to the Petition and TRO Petition on February 14, 2026. Doc. 9. They assert that Montero Granda's detention accords with § 1225(b)(2)(A) per the BIA's decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), and therefore, is mandatory. *Id.* at 1-2. Montero Granda filed a Reply on February 18, 2026. Doc. 11.

It is undisputed that Montero Granda was released on her own recognizance. *See* Doc. 4 at 3 ¶ 2. Furthermore, the Notice to Appear ("NTA") that CBP issued to Montero Granda following her initial arrest does not allege she is an "arriving alien," though containing a box to designate

3

this information."[4] Doc. 4-3 at 2. So, the Court must logically conclude that Montero Granda was released pursuant to § 1226(a)(2)[5] and that an immigration officer made an initial determination that Montero Granda was neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *supra* note 2.

Given the Court's determination that Montero Granda was initially released from CBP custody pursuant to § 1226(a)(2), the Court hereby finds Montero Granda's re-detention without an immigration court's finding of dangerousness or risk of flight constitutes a violation of the Fifth Amendment's Due Process Clause.[6] The analysis and reasoning set forth in this Court's opinion in *Diallo v. Orozco* is adopted here. No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *3-4 (D.N.M. Mar. 4, 2026) (employing the *Mathews v. Eldridge*[7] balancing test to hold that re-detention of a petitioner initially released on their own recognizance pursuant to § 1226(a)(2) without a pre-deprivation hearing or immigration court finding of a change in dangerousness or

---

[4] The Government does not dispute this in its response. *See* Doc. 9.

[5] Respondents offer no documentary evidence that Montero Granda was released in 2021 pursuant to § 1182(d)(5)(A)—the only exception to § 1225 mandatory detention. *See generally* Doc. 9; *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025) ("Such a release on recognizance is not 'humanitarian' or 'public benefit' 'parole into the United States' under §§ 1225 and 1182(d)(5)(A), but rather[,] a form of 'conditional parole' from detention, authorized under § 1226."); *Goorakani v. Lyons*, Nos. 25-cv-9456, 25-cv-9551, 25-cv-9592, 25-cv-9952, 2025 WL 3632896, at *7 n.8 (S.D.N.Y. Dec. 15, 2025) (finding a petitioner's release on recognizance was pursuant to § 1226 despite the lack of documentary evidence provided by the Government). Even more telling, Respondents do not assert that Montero Granda is subject to § 1225(b)(2)(a) because she was initially detained under this statute. *See* Doc. 9.

[6] A bond hearing before an IJ under § 1226(a) occurs after a noncitizen has already been detained by DHS. § 1226(a)(1)-(2); 8 C.F.R.§ 236.1(d). This type of bond hearing therefore cannot prevent a deprivation of liberty that the Fifth Amendment seeks to protect as the noncitizen is already in custody. *See Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323 (W.D. Wash. 2025).

[7] 424 U.S. 319, 335 (1976).

flight risk constitutes a due process violation); *see also Garcia Domingo v. Castro*, 806 F. Supp. 3d 1246, 1252 (D.N.M. 2025); *Danierov v. Noem*, No. 2:25-cv-01215-KG-KRS, 2025 WL 3653925, at *2 (D.N.M. Dec. 17, 2025); *Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *6-7 (D.N.M. Feb. 11, 2026); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) (collecting cases from the Northern District of California), *appeal filed sub nom.*, *Garcia v. Albarran*, No. 25-7868 (9th Cir. Dec. 16, 2025); *Destino v. FCI Berlin, Warden*, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424, at *11 (D.N.H. Dec. 24, 2025), *appeal filed sub nom.*, *Destino v. Ackley*, No. 26-1181 (1st Cir. Feb. 20, 2026); *O.F.C. v. Almodovar*, No. 25-cv-9816 (LJL), 2026 WL 74262, at *7 (S.D.N.Y. Jan. 9, 2026); *Singh v. Stevens*, No. 3:26-CV-133, 2026 WL 456489, at *7 (N.D. Ohio Feb. 18, 2026). Therefore, the requested writ of habeas corpus for her immediate release is granted.

Montero Granda shall be released within twenty-four hours of the entry of this Order. She shall be released with all identification documentation that she possessed on her person when detained by Respondents in January 2026, including her work permit and driver's license, along with a copy of this Order.

Montero Granda may not be re-detained without a pre-detention hearing before a neutral IJ and only following a showing by clear and convincing evidence that Montero Granda is a flight risk or poses a danger to the community and that no conditions other than her detention would be sufficient to prevent such harms. Montero Granda shall receive at least seven (7) days' notice before the pre-detention hearing takes place.

Respondents are further ordered to file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Montero Granda was released from custody.

Because Montero Granda's Petition has been granted, her Emergency Motion for Temporary Restraining Order Under FRCP 65(b) and Preliminary Injunction Under FRCP 65(a) (Doc. 5) is moot.

It is so ordered.

                                           UNITED STATES DISTRICT JUDGE
                                           MATTHEW L. GARCIA